2008R00296/RC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA       :     Hon.
                               :
         v.                    :
                               :
HOLY HOUSE SHIPPING AB         :     Criminal No. 08- (782) (JBS)

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of New Jersey, and the Environmental Crimes Section of the United States Department of Justice (collectively referred to herein as the "Government" or "United States"), and the defendant, HOLY HOUSE SHIPPING AB ("Holy House" or the "Defendant"), through their authorized representatives, enter into the following Agreement pursuant to Rule 11(c)(1)(C) and Rule 11(c)(3) of the Federal Rules of Criminal Procedure:

Information and the Pleas.

1. Conditioned on the understandings specified below, the Government will accept a guilty plea from HOLY HOUSE to a two-count Information, Criminal No. 08-____ (the "Information"), which charges: (1) in Count 1, a violation of the Act to Prevent Pollution from Ships, in violation of Title

-1-

33, United States Code, Section § 1908(a), and (2) in Count 2, the use of false documents, in violation of Title 18, United States Code, Section 1001.

    2. If HOLY HOUSE enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against the Defendant for conduct concerning or arising out of illegal dumping of oil waste, false record keeping, or false statements on board the M/V Snow Flower from in or about January 2008 through in or about February 2008.

    3. In the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the Defendant may be commenced against the Defendant notwithstanding the expiration of the limitations period after the Defendant signs the agreement.

    4. The plea of guilty is to be entered by HOLY HOUSE through corporate officers acceptable to the Government and authorized by resolution of HOLY HOUSE's Board of Directors to enter pleas of guilty on its behalf. By entering this guilty plea, HOLY HOUSE hereby waives all objections to the form of the

Information, admits that HOLY HOUSE is, in fact, guilty of the offenses set forth in Counts 1 and 2 of the Information as described in the attached Joint Factual Statement (attached hereto as Exhibit A) dated this same day, which is an accurate statement of HOLY HOUSE's conduct. HOLY HOUSE further agrees that the criminal offenses to which it will plead guilty were committed by and through its agents and employees, including the Chief Engineer of the M/V Snow Flower, whose actions were within the scope of their employment and for the intended benefit of HOLY HOUSE.

Elements of the Offenses.

5. HOLY HOUSE, through its authorized representatives, acknowledges that it is aware of the nature and elements of the offenses to which HOLY HOUSE will enter its guilty plea. If this case were to proceed to trial, the Government would have the burden of proving beyond a reasonable doubt each and every element of each offense.

6. The elements of the offense of failing to maintain an accurate Oil Record Book in violation of the Act to Prevent Pollution from Ships, 33 U.S.C. Section 1908(a) and 33 C.F.R. Section 151.25, as charged in Count 1 of the Information, are as follows:

(a) HOLY HOUSE, through the actions of its crew members on board the M/V SNOW FLOWER, failed to maintain an Oil Record Book in which all overboard discharges of unprocessed oil-contaminated wastes were fully recorded; and

(b) HOLY HOUSE, through the actions of its crew members on board the M/V SNOW FLOWER, acted knowingly and willfully.

7. The elements of the offense under 18 U.S.C. § 1001 as charged in Count 2 of the Information are that:

(a) on or about February 27, 2008 HOLY HOUSE, through the actions of its crew members on board the M/V SNOW FLOWER, used a writing or document;

(b) the writing or document contained a false, fictitious or fraudulent statement or entry;

(c) the statement or entry was material;

(d) HOLY HOUSE, through the actions of its crew members on board the M/V SNOW FLOWER, knew that the writing or document contained a false, fictitious or fraudulent statement or entry, and knowingly and willfully used said writing or document; and

(e) the document or writing was used in a matter within the jurisdiction of the Government of the United States.


8. HOLY HOUSE acknowledges that, under well-established principles of corporate liability as these principles apply in this case, HOLY HOUSE is liable for the actions of its agents and employees acting within the scope of their employment and with the intent to benefit HOLY HOUSE. See United States v. American Radiator & Standard Sanitary Corp., 433 F.2d 174, 204-05 (3d Cir. 1970); United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 407 (4th Cir. 1985). HOLY HOUSE further acknowledges that it was responsible for diligently enforcing and monitoring its environmental and record-keeping compliance policies so as to check and eliminate illegal conduct done on behalf of, and for the benefit of, HOLY HOUSE. See United States v. Armour & Co., 168 F.2d 342, 343 (3d Cir. 1948); United States v. Beusch, 596 F.2d 871, 878 (9th Cir. 1979).

The Penalties.

9. HOLY HOUSE understands that the statutory penalties applicable to each of Counts 1 & 2 of the Information include: (1) a maximum fine of either Five Hundred Thousand Dollars ($500,000), or twice the gross gain or loss resulting from the unlawful conduct pursuant to 18 U.S.C. § 3571(c) and (d); (2) a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(1); and (3) a special assessment of Four

Hundred Dollars ($400.00) per count, pursuant to 18 U.S.C. § 3013(a)(2)(B).

Rights Waived by Pleading Guilty.

10.  HOLY HOUSE knowingly and voluntarily waives the following rights through its guilty plea: (a) the right to plead not guilty, and to persist in a plea of not guilty; (b) the right to a speedy and public trial before a jury; (c) the right to the effective assistance of counsel at trial; (d) the right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt; (e) the right to confront and cross-examine witnesses at trial; (f) the right to compel or subpoena witnesses to appear on its behalf at trial; (g) the right to testify at trial; and (h) the right to appeal a finding of guilt or any pretrial rulings.

Applicability of Sentencing Guidelines.

11.  HOLY HOUSE understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines (the "U.S.S.G."), together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a).  HOLY HOUSE understands and acknowledges that the U.S.S.G., including Chapter Eight that provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G.

§§ 8C2.1 and 8C2.10, the U.S.S.G. are not applicable for purposes of determining a fine for Counts 1 & 2 of the Information. Instead, the fine for Counts 1 & 2 would be determined under 18 U.S.C. §§ 3553 and 3571.

Sentencing Agreement.

    12. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the Defendant jointly agree that the sentence to be imposed by the Court on HOLY HOUSE is as follows:

    A. Fine. Within 10 days of sentencing, HOLY HOUSE shall pay a total criminal fine in the amount of $1,000,000.00 to be tendered by check to "Clerk, United States District Court, District of New Jersey" and which shall include a notation containing the caption and case number. HOLY HOUSE understands and agrees that this fine is calculated pursuant to the Alternative Fines Act, 18 U.S.C. § 3571(d), and, for the purposes of this settlement, that the gain from the offenses to which HOLY HOUSE is pleading is $1,000,000.00 or greater. HOLY HOUSE also understands and agrees that the fine is apportioned between the two counts of the Information as follows: $750,000.00 to the APPS charge in Count One; and $250,000.00 to the use of false documents charge in Count Two. The Defendant agrees not to seek or accept indemnity or insurance payments from any insurer or other such entity in order to cover the amount of the criminal fine or community service payment.

B. <u>Community Service Payment</u>. In furtherance of the sentencing principles provided for under §8B1.3 of the Federal Sentencing Guidelines and 18 U.S.C. § 3553(a), and within 10 days of sentencing, HOLY HOUSE shall make a Community Service Payment of $400,000.00 to National Fish and Wildlife Foundation (the "NFWF"), to be used by the NFWF, or by a non-profit organization selected by the NFWF following the issuance of a request for proposals and review of such proposals in consultation with the United States Coast Guard, Fifth District. The parties stipulate and agree that this amount is the maximum community service payment that may be imposed under this Agreement. NFWF is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. Its purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." 16 U.S.C. § 3701(b)(1), (2). The NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, and administration of "any gift, devise or bequest . . . of real or personal property." 16 U.S.C. § 3703(c)(1), (7). The payment of $400,000.00 to the NFWF shall be earmarked for the protection, scientific study, and restoration of marine and aquatic resources in the District of New Jersey, including the Exclusive Economic Zone extending 200 nautical miles from the baseline along the

District of New Jersey's East Coast. Because the community service payment is designated as community service by an organization, the Defendant agrees that it will not seek any reduction in their tax obligations as a result of the community service payment. In addition, because this payment constitutes community service, the Defendant will not characterize, publicize or refer to the community service payment as a voluntary donation or voluntary contribution.

C. **Mandatory Special Assessment.** HOLY HOUSE shall pay a Four Hundred Dollar ($400) special assessment for both Count of the Information.

D. **Probation.** Further, pursuant to Rule 11(c)(1)(C), the Government and HOLY HOUSE agree that it will be placed on organizational probation for a period of 3 years pursuant to 18 U.S.C. § 3561(c)(1) and consistent with USSG §§ 8D1.1 and 8D1.2. The terms of probation, including special conditions of probation, shall be:

   (1) **No Further Violations.** HOLY HOUSE agrees that it shall commit no further violations of United States federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities, and shall conduct all its operations in accordance with the MARPOL Protocol.

   (2) **Environmental Management System/Compliance Program.** HOLY HOUSE shall develop, adopt, implement and fund a comprehensive Environmental Management System/Compliance Program ("EMS/CP") during its term of probation

>consistent with sentencing policies set forth in USSG § 8D1.4. The EMS/CP is set forth as Exhibit B to this Plea Agreement. A failure to fund the EMS/CP will constitute a violation of probation. The Defendant will tender an agreement by and between the Defendant and any parent corporations to guarantee, jointly and severally, all necessary funds to fully comply with the terms of the EMS/CP set forth at Exhibit B to this Agreement.

Application of the Agreement.

13. This Agreement shall bind HOLY HOUSE and its successors and assigns. HOLY HOUSE or its successors-in-interest, if applicable, shall provide each undersigned prosecuting office and the United States Probation Office in the District of New Jersey with immediate notice of any name change, corporate reorganization, sale or purchase of vessels subject to the EMS/CP, or similar action affecting this Agreement and the EMS/CP. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of vessels, or similar action shall alter HOLY HOUSE's responsibilities under this Agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

Nature of the Agreement.

14. The Government and the Defendant acknowledge that this Agreement is made pursuant to Rule 11(c)(1)(C) and Rule 11(c)(3) of the Federal Rules of Criminal Procedure. If the Court rejects any provision of this Agreement or seeks to impose a sentence other than that recommended by the parties, each party reserves the right to withdraw from this Agreement and HOLY HOUSE may withdraw its plea of guilty.

Non-Prosecution of Additional Offenses.

15. Provided that the Defendant fully complies with the terms of this Agreement, the United States (the U.S. Attorney's Office for the District of New Jersey and the Environmental Crimes Section) agrees to forego additional criminal prosecution against the Defendant in the District of New Jersey for any additional environmental offenses, or related criminal offenses including, but not limited to, the discharge of oil, the failure to report the discharge of oil, the failure to maintain an Oil Record Book, false statements or related acts of obstruction, that were committed within the District of New Jersey, occurring before the date of this Agreement, and that are known to the Government at the time of the signing of this Agreement.

16. The Defendant understands and agrees that neither the above paragraph nor this Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the United States Attorney of any judicial district not a party to this Agreement, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement has no effect on any proceedings against any party not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

This Agreement does not limit the right of the Government or the Defendant to speak at the time of sentencing consistent with the provisions set forth in this plea agreement, and to provide the Court with evidence of all relevant conduct

committed by HOLY HOUSE. The parties agree that at sentencing each will support the agreed disposition set forth in this Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure.

Corporate Authorization.

17. The Defendant agrees that it is authorized to enter into this Agreement. At the time of signing by the Defendant's representatives, the Defendant shall provide the Court and the Government with a written statement in the form of a corporate resolution certifying that the Defendant is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that the Defendant's Boards of Directors have authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed.

Waivers of Appeal and Post-Conviction Rights.

18. The Defendant, through its authorized representatives, are aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give a defendant the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, the Defendant knowingly and voluntarily agrees to waive the following rights: (a) the right,

conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of this offense, including fine and community service payment; (b) the right to appeal any aspect of HOLY HOUSE's conviction; and (c) the right to bring any collateral attack, or any other writ or motion, that challenges HOLY HOUSE's conviction or sentence.

Voluntariness of the Plea.

    19. The Defendant, through its authorized representatives, acknowledge that they have entered into this Agreement freely and voluntarily and that they have been fully advised by counsel, and that no threats or promises were made to induce HOLY HOUSE to enter into the guilty pleas called for by this Agreement.

Statute of Limitations.

    20. In the event that this Agreement is not accepted by the Court for any reason, or the Defendant breaches any of the terms of this Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Agreement to: (1) 120 days following the date of non-acceptance of the Agreement by the Court; or (2) 120 days following the date on which a breach of the Agreement by the Defendant is discovered by the Government.

Completeness of Agreement.

21. The Government and the Defendant acknowledge that these terms constitute the entire Agreement between the parties. This Agreement is effective upon signature by the Defendant and all of the attorneys for the Government.

On behalf of the Defendant, HOLY HOUSE SHIPPING AB, I have been authorized by a corporate resolution to sign this Agreement and bind HOLY HOUSE SHIPPING AB. HOLY HOUSE SHIPPING AB has been advised by its attorneys of HOLY HOUSE SHIPPING AB's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. HOLY HOUSE SHIPPING AB voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to HOLY HOUSE SHIPPING AB other than those contained in this Agreement. No one has threatened or forced HOLY HOUSE SHIPPING AB in any way to enter into this Agreement. HOLY HOUSE SHIPPING AB is satisfied by the representation of its attorneys in this matter.

_____          10/17/08
[NAME]                                   Date
[TITLE]
and Authorized Representative
of HOLY HOUSE SHIPPING AB
Defendant

I am counsel for HOLY HOUSE SHIPPING AB and have discussed every part of this Agreement with authorized representatives of HOLY HOUSE SHIPPING AB. Further, I have fully advised the authorized representatives of HOLY HOUSE SHIPPING AB's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of HOLY HOUSE SHIPPING AB to enter into this Agreement is informed and voluntary.

_____          10/17/08
Thomas M. Russo, Esquire                 Date
Freehill, Hogan & Mahar LLP
Counsel for Defendant
HOLY HOUSE SHIPPING AB